UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| IN THE MATTER OF: | |
|---|---|
| nCoat, Inc., | Case No. 10-11512 |
| nTech, Inc., | Case No. 10-11513 |
| MCC, Inc., and | Case No. 10-11514 |
| High Performance Coatings, Inc., | Case No. 10-11515 |
| Debtors | Chapter 11 |
| Motion For (i) Procedural Consolidation And Joint Administration Of Related Chapter 11 Cases and (ii) Consolidated Service List Of Twenty Largest Unsecured Creditors | |

NOW COME nCoat, Inc. ("nCoat"), nTech, Inc. ("nTech"), MCC, Inc. ("MCC") and High Performance Coatings, Inc. ("HPC" and collectively, the "Debtors"), pursuant to §§105 and 1102 of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 2003, and hereby move the Court for an entry of an Order (i) directing the procedural consolidation and joint administration of the Debtors' cases, and (ii) limiting notice and service of certain matters to the creditors shown on a consolidated list of the twenty (20) largest unsecured claims, excluding insiders, and such other parties as may file a request for notice and service of pleadings, and in support thereof respectfully represent as follows:

1. On August 16, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of North Carolina. The Debtors operate their respective businesses as debtors-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The Debtors specialize in nanotechnology research, licensing, and the commercialization, distribution and application of nano-structured as well as multiple non-nano structured surface coatings. The Debtors' specialized coatings are used by the automotive, diesel engine, trucking, recreational vehicle, motorcycle, aerospace and oil and gas industries for heat management, corrosion resistance, friction reduction, bond strength and appearance.

4. nCoat, formerly known as Tylerstone Ventures Corporation, is a Delaware corporation. HPC, nTech, and MCC are wholly-owned subsidiaries of nCoat. The Debtors' corporate offices are located in Whitsett, North Carolina, and the Debtors' application operations are conducted at facilities located in Oklahoma City, Oklahoma, Tempe, Arizona, and Whitsett, North Carolina.

5. HPC, an Oklahoma corporation, was acquired by nCoat in September of 2005. In June of 2007, nCoat acquired MCC, a Pennsylvania corporation which does business under the name of JET HOT® Coatings. At the time of their acquisition, both HPC and MCC were market leaders in the development and application of high performance coatings.

6. In 2006, nTech, a Delaware corporation, was formed by nCoat as an intellectual property and development entity. nTech develops and holds proprietary intellectual property and further licenses coatings facilities at customers' manufacturing plants.

*Joint Administration*

7. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Section 1102 and Bankruptcy Rule 2003 provide for the creation of an official committee of unsecured creditors, as appointed by the Bankruptcy Administrator.

8. Procedural consolidation of the Debtors' Chapter 11 cases will permit the Office of the Clerk of the Court (the "Clerk's Office") to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Procedural consolidation also will enable the parties in interest in each of the above-captioned cases to be apprised of various matters before the Court in all of these cases.

9. The Debtors anticipate that numerous notices, applications, motions, and other pleadings and orders in these cases will affect many or all of the Debtors. Procedural consolidation will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on numerous documents that will be filed and served in these cases, and to file only a single rather than multiple originals when more than one Debtor or more than one estate is affected thereby.

10. The cases involve four (4) Debtors with numerous creditors, and the entry of an order of procedural consolidation will significantly reduce the volume of documents that

2

otherwise would be filed with the Clerk's Office, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays.

11. The Debtors respectfully request that the cases be jointly administrated under the nCoat proceeding as the lead case.

*Consolidated Service List*

12. Pending appointment of an official committee, Bankruptcy Rule 4001 provides that with respect to certain motions in a Chapter 11 case where no official committee has been appointed, service shall be made upon and notice provided to the parties included on the list of 20 largest unsecured creditors filed pursuant to Rule 1007(d).

13. The Debtors request that as to motions for which service and notice upon the 20 largest unsecured creditors is required, pending the formation of one or more official committees, that the Debtors be permitted to effect such service and notice upon those creditors who appear on a consolidated list of creditors holding the 20 largest unsecured claims.

14. Attached hereto as Exhibit A is a table showing on a consolidated basis the creditors holding the 20 largest unsecured claims in these Chapter 11 cases, excluding claims held by "insiders" as that term is defined in the Bankruptcy Code.

15. Service and notice of motions upon the largest unsecured creditors, to the extent required by Rule 4001, can be effectively achieved and provide adequate notice as intended by the Rules if a consolidated list of such creditors is used for such purpose. Any creditor who is not included in the consolidated list may independently file a request for such notice and service, in which event such creditor would receive the same treatment as would be afforded on a non-consolidated basis.

16. This is not a motion for substantive consolidation of the Debtors' estates, and the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the procedural consolidation and joint administration of the Debtors' cases as requested above.

Wherefore, the Debtors respectfully pray the Court for the following relief:

1. Immediate entry of an Order consolidating the Debtors' cases for procedural purposes only and authorizing the joint administration thereof, designating the case of nCoat, Inc., as the lead case, and directing that the legend, "nCoat, Inc., et al." and the case number for that Debtor be included in the consolidated caption for pleadings filed in the cases.

3

2. Immediate entry of an Order authorizing the Debtors to submit to the Bankruptcy Administrator and file with the Clerk's Office a consolidated list of the creditors holding the twenty largest unsecured claims overall, and limiting notice and service upon the 20 largest creditors, to the extent required by Rule 4001, to be upon the parties shown on the consolidated list.

3. Such other relief as the Court may deem necessary and proper.

Respectfully submitted, this the 16th day of August, 2010.

/s/ John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

4

# EXHIBIT A

## Consolidated Service List of Twenty Largest Unsecured Creditors

| | |
|---|---|
| Bridge Point Master Fund, Ltd.<br>1120 Sanctuary Parkway, Suite 325<br>Alpharetta, GA 30009 | Capital Venture International<br>101 California St., Suite 3250<br>San Francisco, CA 94111 |
| E. Roger Williams<br>114 Ferris Hill Rd.<br>New Canaan, CT 06840 | Edward A. Bugniazet, III<br>25 Hilltop Pl.<br>Rye, NY 10580 |
| EGATNIV, LLC<br>150 West 46th St.<br>New York, NY 10036 | Enable Growth Partners, LP<br>One Ferry Building, Suite 255<br>San Francisco, CA 94111 |
| Enable Opportunity Partners, LP<br>One Ferry Building, Suite 255<br>San Francisco, CA 94111 | GGR II – Gregory Voetsch<br>545 Washington Blvd.<br>Jersey City, NJ 70310 |
| GGR II – Thomas Joyce<br>545 Washington Blvd.<br>Jersey City, NJ 70310 | Jamees McCormick C/O FMCG<br>90 Park Ave. 18th Floor<br>New York, NY 10016 |
| Jason Baer<br>35 Golf View Dr.<br>Easton, CT 06612 | Jeffrey Kahn<br>43 Antler Lane<br>Wilton, CT 06897 |
| Knight Capital Group<br>545 Washington Blvd.<br>Jersey City, NJ 70310 | M. Scott Moss<br>4 New Canaan Ave.<br>Norwalk, CT 06851 |
| Mark Reinders<br>86 Codfish Hill Rd.<br>Bethel, CT 06801 | Pierce Diversified<br>Strategy/Master Fund<br>One Ferry Building, Suite 255<br>San Francisco, CA 94111 |
| Rahn & Bodmer<br>Talstrasse 15 Postfach<br>CH 8022 Zurich, Switzerland | Rogers H/Nancy W. Harper<br>20 Country Club Rd.<br>New Canaan, CT 06840 |
| Scott Lyman<br>156 Colonial Rd.<br>New Canaan, CT 06840 | William P. Whalen<br>69 Oriole Way<br>Wesbury, NY 11590 |